Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| SENIOR MORTGAGE BANKERS, INC. Apelante v. MACEVA LLC, COMPAÑÍA ASEGURADORA DESCONOCIDA "A" Apelada | TA2026AP00462 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN Caso Núm.: SJ2025CV03293 Sobre: Daños, Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de junio de 2026.

El 6 de mayo del año en curso, Senior Mortgage Bankers, Inc. (en adelante, Senior Mortgage o parte apelante) presentó ante este Tribunal de Apelaciones un *Escrito de Apelación*. Mediante este nos solicita que revoquemos la *Sentencia en Rebeldía* emitida y notificada el 26 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1]

Por virtud del aludido dictamen, el foro primario declaró Ha Lugar la Reconvención presentada por Maceva LLC Compañía Aseguradora Desconocida "A" (Maceva o parte apelada) contra Senior Mortgage y, como resultado, condenó a esta última satisfacer a Maceva la suma de $25,500.00 por concepto de cánones de arrendamiento y utilidades, más las costas y gastos del pleito.

Por los fundamentos que exponemos a continuación, confirmamos la determinación apelada.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 52.

-I-

El caso de autos tiene su génesis el 16 de abril de 2025, cuando el Senior Mortgage, una corporación con fines de lucro dedicada a originar y cerrar préstamos hipotecarios, presentó una *Demanda* por incumplimiento de contrato y daños y perjuicios contra Maceva.[2] En síntesis, adujo que, en mayo de 2015, las partes suscribieron un contrato de arrendamiento comercial, por el cual la parte apelante pasó a ocupar, en calidad de arrendataria, el local comercial propiedad de Maceva. Sostuvo que una condición material y esencial al arrendamiento es que el local estuviera en óptimas condiciones para el ejercicio de la actividad comercial, incluyendo, un elevador hábil y disponible para el uso constante tanto de empleados como visitantes. Ello, en vista de que el local arrendado está localizado en un tercer piso.

En esa dirección, la parte apelante planteó que el elevador del local, el cual estaba hábil y disponible al momento de la contratación, se averió y estuvo fuera de servicio de forma continua por un poco más de seis meses. Indicó que se presentaron múltiples quejas, causándole, además, daños económicos por la disminución en el flujo de clientes. Afirmó que le requirió en varias ocasiones a la parte apelada que gestionara la reparación del elevador. Convencido que los daños sobrepasan el canon de arrendamiento, Senior Mortgage dejó de pagar la renta del local desde diciembre de 2024.

El apelante afirmó que el no proveerle acceso por elevador constituyó un incumplimiento con las obligaciones que dimanan del contrato de arrendamiento suscrito entre las partes. Asimismo, que la ley requiere que el edificio tenga disponible el servicio de elevador para

---

[2] SUMAC TPI, Entrada Núm. 1.

personas con impedimentos. Cabe destacar que Senior Mortgage consignó con la demanda la suma de $25,500.00.[3]

Con este proceder, Senior Mortgage solicitó al TPI que: (a) declarara que Maceva incumplió de manera injustificada con una condición material y esencial al contrato de arrendamiento, al no habilitar el elevador; (b) ordenara a Maceva que proceda de inmediato a la reparación del elevador, para que se pueda normalizar la relación contractual entre las partes; (c) le conceda una suma no menor de $200,000.00 en concepto de daños; (d) que determinara que Maceva ha actuado con temeridad y le impusiera honorarios de abogado por una cantidad no menor de $5,000.00, más las costas incurridas en el trámite del pleito.

Luego de varias instancias procesales, el 10 de junio de 2025, Maceva presentó su *Contestación a la Demanda* y *Reconvención*.[4] Allí, la parte apelada negó que las partes hayan suscrito contrato alguno en el año 2015, e indicó que el único contrato de arrendamiento suscrito entre las partes data del 18 de noviembre de 2021, cuya expiración fue el 18 de noviembre de 2024. También, adujo que el inmueble objeto del arrendamiento ha permanecido en condiciones estructurales y funcionales óptimas, aptas para el desarrollo de las actividades comerciales de Senior Mortgage. A su vez, manifestó que el elevador del local ha sido impactado por las interrupciones de energía eléctrica que provocaron daños sustanciales a piezas especializadas de la unidad, que no estaban disponibles en Puerto Rico. Aceptó que, como consecuencia de tales desperfectos, Senior Mortgage ha experimentado

---

[3] Aunque la parte apelante afirmó que no adeuda cantidad alguna, consignó en el Tribunal $17,500.00 en cánones de arrendamiento desde diciembre de 2024 a razón de $3,500.00 por mes, más $8,000.00 por servicio de energía eléctrica. Véase, *Moción de Consignación* en SUMAC TPI, Entrada Núm. 2 y 3. No obstante, mediante *Resolución* emitida el 5 de mayo de 2025, el TPI ordenó la devolución del dinero depositado por Senior Mortgage.

[4] SUMAC TPI, Entrada Núm. 21. Cabe mencionar, Maceva presentó en su recurso los siguientes Anejos: GS Maceva LLC; Contrato de Arrendamiento 2021 a 2024; Informes de la Oficina del Comisionado de Instituciones Financieras 2021 a 2024; Servicio DEYA dic 2024; Servicio DEYA y requerimiento enérgico para poner en marcha elevador; Sentencia dictada por TPI Desahucio en Precario; Evidencia de los últimos pagos recibidos; 1ra carta requiriendo pago adeudado; y, 2da carta requiriendo pago adeudado.

limitaciones en su uso. Sin embargo, coligió que, en cuanto a los clientes con limitaciones de movilidad, ha mitigado cualquier inconveniente de accesibilidad que hayan podido encontrar. Que, la alegada pérdida en ventas carece de relación causal con el estado operativo del elevador. Por otra parte, sostuvo que en ninguna de las cláusulas del contrato Maceva se obligó a proveer acceso al elevador, por lo que la acción instada en su contra era frívola y temeraria.

A su vez, en su reconvención, Maceva adujo que, vencido el término del contrato, el 18 de noviembre de 2024, hubo continuación del arrendamiento quedando obligada la parte apelante al pago del canon mensual de $5,500.00; el cual dejó de pagar desde el mes de diciembre de 2024, junto con las utilidades de energía eléctrica y agua. Según Maceva, le ha requerido en múltiples ocasiones el pago del monto adeudado de $25,500.00, deuda que es líquida, vencida y exigible. Por lo anterior, solicitó al TPI que le impusiera a la parte apelante el pago total de $25,500.00 en concepto de cánones de arrendamiento y utilidades adeudados, además, una cuantía no menor de $6,000.00 en honorarios de abogado por temeridad, más las costas y gastos en los que haya incurrido en el pleito.

El 30 de junio de 2025, Senior Mortgage instó *Réplica* a la reconvención presentada en su contra.[5] Entre otros planteamientos, adujo que ha sufrido interrupciones en sus servicios, viéndose en la obligación de atender clientes en otros negocios del primer piso, lo cual ha lacerado la imagen de la corporación y provocado inconvenientes y quejas por la falta de accesibilidad a las instalaciones. También, afirmó que, como parte de una solicitud de desahucio por parte de Maceva, las partes llegaron a un acuerdo pagándole por adelantado a la parte apelada $16,500.00 en concepto de renta y electricidad de los meses de mayo a julio de 2025.

---

[5] *Íd.*, Entrada Núm. 26. Se anejaron los siguientes documentos: Anejo 1- Cheque; (2) Cartas; Anejo 4- Comunicaciones sobre elevador.

Además, reiteró los argumentos presentados en la demanda, así como su solicitud al TPI.

Tras múltiples instancias procesales no pertinentes para adjudicar la presente causa, el 16 de diciembre de 2025, se celebró la Conferencia Inicial, en la que se estipularon varios asuntos en cuanto al descubrimiento de prueba.[6] De otra parte, el 28 de enero de 2026, la representación legal de Senior Mortgage presentó moción de renuncia.[7] Ese mismo día, el TPI emitió *Orden* en la que aceptó la renuncia de la representación legal y le concedió 30 días a la parte apelante para informar nueva representación.[8]

El 4 de marzo de 2026, Maceva instó *Moción solicitando desestimación de Demanda con perjuicio por incumplimiento con Orden del Tribunal y abandono del caso y que se declare a lugar la Reconvención*.[9] Allí, señaló que el plazo concedido por el Tribunal a Senior Mortgage para anunciar nueva representación legal venció sin que así lo hiciera. Añadió, que tal incumplimiento revelaba falta de diligencia en la continuidad del caso y desinterés por parte de la apelante. Por lo cual, evidenciaba el abandono inequívoco de la causa de acción instada. Ante ello, planteó que la desestimación con perjuicio constituía la sanción procesal adecuada ante el incumplimiento de Senior Mortgage con la orden del Tribunal. Finalmente, además de peticionar la desestimación con perjuicio, solicitó que se declarara ha lugar la reconvención y ordenara a Senior Mortgage el pago de $25,500.00 en concepto de cánones de arrendamiento y utilidades, $6,000.00 en honorarios de abogado por temeridad, más las costas y gastos del pleito.

Consecuentemente, el 4 de marzo de 2026, el foro primario emitió *Orden* en la que, ante el incumplimiento con lo ordenado, le impuso una

---

[6] *Íd.*, Entrada Núm. 42.
[7] *Íd.*, Entrada Núm. 45.
[8] *Íd.*, Entrada Núm. 46.
[9] *Íd.*, Entrada Núm. 47.

sanción de $100.00 a Senior Mortgage. También, le concedió un nuevo término de 20 días para informar representación legal, apercibiéndole que, de incumplir, podrían imponerse sanciones adicionales o desestimar sin perjuicio la demanda, conforme la Regla 39.2(a) de Procedimiento Civil.[10] Posteriormente, el 6 de marzo de 2026, dado el estado procesal del caso, el TPI dejó sin efecto la vista pautada para el 10 de marzo de 2026.[11]

Transcurrido el término provisto, sin que la parte apelante cumpliera con la orden del Tribunal o pagado la sanción impuesta, el 25 de marzo de 2026, el foro primario emitió *Sentencia Parcial* en la que reiteró las órdenes emitidas a Senior Mortgage de informar nueva representación legal, la imposición de la sanción económica y el apercibimiento sobre la desestimación.[12] "[E]n vista del reiterado incumplimiento de la parte demandante… y habiéndose advertido sobre las consecuencias de ello", el TPI desestimó sin perjuicio la demanda conforme la Regla 39.2(a). Además, dejó sin efecto las sanciones impuestas previamente a Senior Mortgage. Ese mismo día, el foro primario también emitió *Orden* en la que le anotó la rebeldía a la parte apelante y ordenó la continuación de los procesos respecto a la reconvención.[13]

Conforme surge del expediente, al día siguiente, el TPI expidió la *Sentencia en Rebeldía* de la cual se acude.[14] Allí, se expuso la normativa que regula lo relacionado a la anotación de rebeldía, conforme la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 45.1, y se declaró Con Lugar la Reconvención, condenando a Senior Mortgage a satisfacer a Maceva la suma de $25,500.00 por concepto de cánones de arrendamiento y utilidades, más las costas y gastos del pleito. Se estableció, además, que la sentencia

---

[10] *Íd.*, Entrada Núm. 48.
[11] *Íd.*, Entrada Núm. 49.
[12] *Íd.*, Entrada Núm. 51.
[13] *Íd.*, Entrada Núm. 50.
[14] *Íd.*, Entrada Núm. 52.

devengaría intereses legales al 8.00% anual, según lo establecido por la Oficina del Comisionado de Instituciones Financieras.

Con este proceder, el 31 de marzo de 2026, compareció la nueva representación legal de Senior Mortgage mediante *Moción para asumir representación legal*.[15] De igual forma, presentó *Moción de Reconsideración de Sentencia en Rebeldía y Reanudación de Procedimientos y Trámite Ordinario*.[16] En su escrito, la parte apelante expuso que experimentó contratiempos y dificultades para obtener representación legal. Arguyó que en la demanda se presentaron alegaciones específicas, tramitándose el litigio de forma responsable hasta que su anterior representación legal presentó su renuncia. Destacó también que fue desde ese momento, sin representación legal, que habría incurrido en demoras e incumplimientos con las órdenes del Tribunal. Por último, Senior Mortgage sostuvo que se le ocasionaría un perjuicio sustancial al denegar la solicitud de reconsideración, perjuicio que no se causaría a Maceva pues tal solicitud se sometió en fecha cercana a la sentencia. Por todo lo cual, solicitó al TPI, reconsidere la sentencia en rebeldía y reabra los procedimientos al trámite ordinario.

En oposición, el 6 de marzo de 2026, Maceva coligió que el incumplimiento reiterado de la parte apelante era una conducta procesal incompatible con el deber mínimo de diligencia que exige el ordenamiento jurídico.[17] Además, arguyó que, en la moción de reconsideración Senior Mortgage no demostró justa causa, no expuso defensa meritoria, y no refutó el perjuicio que sufriría Maceva al dejarse sin efecto una sentencia válidamente dictada. Así, solicitó al TPI que declarase no ha lugar la reconsideración solicitada y mantuviera la sentencia en rebeldía a su favor.

---

[15] *Íd.*, Entrada Núm. 53.
[16] *Íd.*, Entrada Núm. 54.
[17] *Íd.*, Entrada Núm. 56.

Luego de aceptar la nueva representación legal de Senior Mortgage,[18] y evaluar las posturas de las partes, el foro primario emitió *Resolución* en la que declaró No ha lugar a la reconsideración presentada por la parte apelante.[19] Consecuentemente, Maceva presentó su *Memorando de Costas*, el cual fue aprobado por el Tribunal.[20]

Inconforme con este resultado, Senior Mortgage compareció ante nos el 6 de mayo de 2026, mediante el presente recurso de Apelación,[21] y le imputó al TPI haber errado al:

> [D]ictar la sentencia final en rebeldía de fecha 26 de marzo de 2026 (Entrada Núm. 52 SUMAC-TPI) y al denegar la moción de reconsideración de dicho fallo presentada por la parte demandante y reconvenida con fecha de 1 de abril de 2026 (Entrada Núm. 54 SUMAC-TPI), denegada dicha reconsideración mediante la resolución de 6 de abril de 2026, tomando en cuenta: (1) que la parte demandante reconvenida cumplió sustancialmente con todas las órdenes del TPI, (2) participó activamente en la tramitación del pleito sin cruzarse de brazos, (3) expuso de forma detallada reclamaciones sustanciales contra la parte demandada y (4) contestó oportunamente y esbozó defensas afirmativas de peso contra la reconvención instada por la parte demandada, (5) considerando además que la parte demandante reconvenida no tenía representación legal de récord desde el día 28 de enero de 2026 (Documento Núm. 46 SUMAC-TPI), constituyendo la sentencia aquí apelada un claro error del TPI en la interpretación y aplicación del derecho aplicable, un desvarío de la justicia y un abuso de discreción por parte del TPI, dada la forma precipitada en que fue dictada dicha sentencia final y por contravenir además dicho fallo el derecho aplicable incluyendo el texto claro, expreso e inequívoco de las Reglas 39.2(a), 45.2 y 45.3 de Procedimiento Civil, así como la jurisprudencia aplicable del TSPR.

Por su parte, luego de concederle término para comparecer, la parte apelada presentó *Alegato en Oposición al recurso de Apelación Civil*.[22] Así pues, con el beneficio de la comparecencia de todas las partes y del expediente ante nos, procedemos a disponer del presente asunto no sin antes exponer el marco jurídico aplicable.

---

[18] *Íd.*, Entrada Núm. 55.
[19] *Íd.*, Entrada Núm. 57.
[20] *Íd.*, Entradas Núm. 58,9. La cuantía solicitada por la tramitación del pleito se desglosó para un total de $315.00.
[21] SUMAC TA, Entrada Núm. 1.
[22] *Íd.*, Entrada Núm. 3.

-II-

*A.*

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V R. 45.1, establece que cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, y así sea demostrado, el Secretario o Secretaria, anotará su rebeldía. *Mitsubishi Motor. v. Lunor y otros*, 212 DPR 807,823 (2023). Específicamente, la discutida regla lee como transcribimos:

Regla 45.1. Anotación

Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Una vez se declara la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra el rebelde. También se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros*, *supra,* pág. 824 al mencionar a *Rivera Figueroa v. Joe's European Shop*, 186 DPR 580, 590 (2011) y otros. El Tribunal Supremo ha definido la anotación de rebeldía como la posición procesal en que se coloca la parte que ha dejado de cumplir un deber procesal o dejar de ejercitar su derecho de defenderse. *Rodríguez v. Rivera*, 155 DPR 838, 848 (2002).

En lo concerniente a esta sentencia en rebeldía, la Regla 45.2 de Procedimiento Civil, postula lo siguiente:

Regla 45.2. Sentencia

Podrá dictarse sentencia en rebeldía en los casos siguientes:

(a) *Por el Secretario o la Secretaria.* Cuando la reclamación de la parte demandante contra una parte demandada sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, el Secretario o la Secretaria, a solicitud de la parte demandante y al presentársele una declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra la parte demandada cuando ésta haya sido declarada en rebeldía, siempre que no se trate de una persona menor o una persona incapacitada.

(b) *Por el tribunal.* En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra una persona menor o una persona incapacitada a menos que estén representadas por el padre, la madre, el tutor o la tutora, el defensor o la defensora judicial u otro u otra representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada. Cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

De ordinario, los tribunales podrán dejar sin efecto la anotación de rebeldía. <u>Inclusive, podrán dejar sin efecto una sentencia en rebeldía de acuerdo con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2.</u>[23] Ahora, si bien es cierto que la facultad de los tribunales para dejar sin efecto una anotación de rebeldía se enmarca en la existencia de justa causa, esta regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop, supra,* a la págs. 591-592.

Ahora bien, nuestro Máximo Foro interpretó el requisito de la "existencia de justa causa" —para que se levante tal anotación ante un incumplimiento— y esbozó los siguientes ejemplos: 1) cuando el demandado que reclama el levantamiento de una anotación de rebeldía, puede probar que no fue emplazado debidamente al momento de la anotación; 2) si un codemandado a quien se le anota la rebeldía por alegadamente no haber contestado en el término, puede probar que sí había

---

[23] Así lo dispone la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V R. 45.3, al leer de la siguiente manera: El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2.

contestado y que la anotación de la rebeldía en su contra obedeció a una confusión; 3) <u>cuando la parte presente evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo</u>. *Rivera Figueroa v. Joe's European Shop*, *supra,* a la págs. 592-593.

-B-

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, establece el mecanismo procesal que tiene disponible un peticionario para solicitar el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. *Pérez Ríos v. Luma Energy, LLC*, 213 DPR 203, 214 (2023). En lo pertinente la regla autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[24]

Para que proceda el relevo de sentencia según la Regla 49.2 de Procedimiento Civil, *supra*, el "peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla". *Pérez Ríos v. Luma Energy, LLC, supra,* pág. 215 al citar a *García Colón v. Sucn. González*, 178 DPR 527, 540 (2010). Es importante recordar que, pese a que la decisión de relevar a una parte de los efectos de una sentencia es una discrecional, no será así en casos de nulidad o cuando la sentencia ha

---

[24] Véase Regla 49.2 de Procedimiento Civil, *supra*. Véase también, *Oriental Bank v. Pagán Acosta*, 2024 TSPR 133, 215 DPR ___ (2024).

sido satisfecha. *Id*. Igual de significativo es considerar que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. *García Colón et al. v. Sucn. González, Íd.*, págs. 542-543.

Cónsono con lo anterior, el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Íd.*, a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Íd*. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004).

-III-

Como arriba señalamos, la parte apelante acude ante nos para que revisemos y revoquemos la *Sentencia en Rebeldía* dictada por el TPI en la causa de epígrafe. Con tal propósito, asevera que según el tracto procesal del caso ante nos, ha cumplido con todas las órdenes del Tribunal, participando activamente en el trámite del pleito sin cruzarse de brazos. Además, indica que ha expuesto de forma detallada su reclamación contra la parte apelada y las defensas afirmativas contra la reconvención instada en su contra. Arguye no haber tenido representación legal al momento de dictarse la sentencia apelada, constituyendo un abuso de discreción del TPI el haber emitido la misma.

Por su parte, la parte apelada sostiene que Senior Mortgage no satisface ninguno de los criterios para justificar el revelo de una sentencia dictada en rebeldía. Entiéndase, que tenga una buena defensa en sus méritos o que no exista perjuicio que pueda ocasionársele por la concesión del relevo de sentencia.[25]

---

[25] *Véase, Neptune Packing Corp. v. Wackenjut Corp.*, 120 DPR 283 (1988).

Examinados cuidadosamente y en su totalidad las comparecencias de las partes, los documentos que acompañan las mismas, así como el derecho aplicable, procedemos a resolver.

Huelga decir, de conformidad con la Regla 45.2(b) de Procedimiento Civil, *supra*, ante, y en relación con el descargo de los tribunales de su función adjudicativa en un caso en rebeldía, el Tribunal Supremo ha establecido que, "el proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba". *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005) citando a *Hernández v. Espinosa*, 145 DPR 248, 272 (1998). Por lo cual, si un tribunal necesita, para poder dictar sentencia en rebeldía, comprobar la veracidad de cualquier alegación, o hacer una investigación sobre cualquier otro asunto, deberá celebrar las vistas que estime necesarias y adecuadas. *Ocasio v. Kelly Servs.*, *supra*.

Establecido lo anterior, la facultad de los tribunales para dejar sin efecto una anotación de rebeldía se enmarca en la existencia de justa causa. En particular, cuando la parte presente evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, *supra*, págs. 592-593.

Resulta evidente, una vez anotada la rebeldía a Senior Mortgage, que estando pendiente la Reconvención instada por Maceva contra la parte apelante, restaba al TPI emplear el efecto jurídico de tal anotación de rebeldía; que es, se admitan como ciertos todos los hechos correctamente alegados en la reconvención, dilucidándose la causa de acción reconvenida sin que el apelante participara.[26] Así, al estimar que procedía la concesión del remedio solicitado-a saber, la suma de $25,500.00 por concepto de

---

[26] *González Pagán v. Moret Guevara*, 202 DPR 1069 (2019).

cánones de arrendamiento y utilidades, más costas y gastos del pleito- el foro primario dictó la *Sentencia en Rebeldía* cuya revisión se solicita.

La reconvención instada por Maceva data del 9 de junio de 2025.[27] Allí, Maceva argumentó que Senior Mortgage le adeuda $25,500.00 por cánones de arrendamiento de los meses de diciembre 2024 a abril 2025, y en concepto de utilidades desde enero 2025 a abril 2025. En apoyo a este reclamo, junto con la *Contestación a la Demanda* y *Reconvención*, Maceva presentó como prueba múltiples anejos, los que el TPI tuvo a su disposición para comprobar la veracidad de las alegaciones.[28] Además, debemos puntualizar que en la *Demanda* por incumplimiento de contrato y daños y perjuicios sometida por la parte apelante contra Maceva, esta afirmó que dejó de pagar a la parte apelada la renta del local desde diciembre de 2024.[29] Por consiguiente, la falta de pago reclamada por Maceva quedó demostrada ante el tribunal.

Por otra parte, no surge de la *Moción para asumir representación legal*,[30] ni tampoco de la *Moción de Reconsideración de Sentencia en Rebeldía y Reanudación de Procedimientos y Trámite Ordinario*,[31] que Senior Mortgage haya cumplido con el estándar de acreditar la existencia de justa causa para para la dilación en el cumplimiento con las órdenes emitidas por el TPI. Por el contrario, en dicho escrito se limitó a aseverar que "experimentó contratiempos y dificultades para obtener nueva representación legal" sin siquiera acreditar las gestiones que hizo para la contratación de nueva representación legal y los problemas que confrontó para cumplir con el

---

[27] Según expuesto en el trato procesal, este Foro Intermedio, además, toma conocimiento de la *Sentencia Final* dictada el 14 de mayo de 2025, en el caso SJ2025CV03718 sobre desahucio en precario, instado por Maceva contra Senior Mortgage, en la cual se declaró Ha Lugar la demanda, y se dispuso: "[L]as partes estipularon que la parte demandada pagará a la parte demandante la suma de $16,500.00 en o antes del 16 de mayo de 2025, correspondientes a los cánones de arrendamiento y utilidades para los meses de mayo, junio y julio de 2025".

[28] Véase, nota al calce Núm. 4.

[29] SUMAC TPI, Entrada Núm. 1.

[30] SUMAC TPI, Entrada Núm. 53.

[31] SUMAC TPI, Entrada Núm. 54.

término dispuesto para ello. Nótese, el foro primario denegó la concesión de los $6,000.00 solicitados por Maceva en concepto de honorarios de abogado por temeridad.

Habida cuenta de lo anterior, colegimos que procede confirmar la *Sentencia en Rebeldía* emitida por el foro primario.

**IV.**

Por las razones antes dadas, confirmamos la *Sentencia en Rebeldía* dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan en la causa de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones